UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20852-CIV-GOLD/MCALILEY

RICARDO R. RIVERO,

      Plaintiff,

v.

DAVID GEORGE TAYLOR, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS AND ORDER GRANTING MOTIONS TO STAY DISCOVERY

Pending before the Court are Motions to Dismiss filed by Defendants David George Taylor [DE 113], the Honorable Diana L. Moreland [DE 111], The State of Florida Department of Revenue [DE 109], Jim Zingale [DE 110], Karen Allison Howe [DE 114], the Honorable Barbara Ingram and the Honorable Susan Swartz [DE 112], and Sheila Leal. [DE 115]. In lieu of filing an opposition, Plaintiff has filed several Motions to Strike the motions to dismiss. [DE 125, 132, 135, 142, 143, 145, 162]. In addition, Defendants have filed motions to stay discovery pending a ruling on the motions to dismiss and Plaintiff has filed motions to compel, all of which are fully briefed. [DE 149, 150, 151, 158, 160]. These motions were referred to me by the Honorable Alan S. Gold. [DE 116, 144, 147, 154, 164]. For the reasons set forth below, I recommend that the motions to dismiss be granted with prejudice. In light of this recommendation, I grant the motions to stay discovery, and deny the motions to compel discovery as moot.

I.  **Background**

On April 2, 2009, Plaintiff, Ricardo R. Rivero filed a 15-page *pro se* complaint, proceeding *in forma pauperis*. [DE 1, 3]. This initial complaint attempted to allege violations of, and conspiracy to violate, 42 U.S.C. § 1983, as well as violations of the Americans With Disabilities Act, the Freedom of Information Act, the Florida Public Records Law and the Fourteenth Amendment to the U.S. Constitution, the Florida and federal RICO statutes. Plaintiff also attempted to allege common law claims of fraud and civil conspiracy. [DE 1, pp. 1-2, 14-15]. Several months after Defendants moved to dismiss the initial complaint, and while those motions were pending, Plaintiff filed an unauthorized 139-page amended complaint. [DE 93].

The Court issued an Omnibus Order construing the unauthorized amended complaint as a motion to amend, granting that motion, and directing Plaintiff to file a *"clearer and more concise* Second Amended Complaint that complies with the Federal Rules of Civil Procedure and the terms of this Order." [DE 96, ¶ 7] (emphasis in original). The Omnibus Order explained to Plaintiff that under Rule 8(a), the complaint must contain a short and plain statement of his claim and, under Rule 10, the claims must be stated in numbered paragraphs, each "limited to the extent practicable to a single set of circumstances." [DE 96, p. 2]. The Court warned Plaintiff that "failure to amend in accordance with this Order will result in dismissal." [DE 96, ¶ 7(c)].

Plaintiff then filed a 52-page second amended complaint (SAC). [DE 101]. The SAC

contains 216 paragraphs and is a rambling, confusing statement of factual assertions and legal conclusions. From reading the SAC, and other documents in the record, it would appear that this lawsuit arises out of child support enforcement proceedings that Plaintiff's former wife, Shelia Leal, brought against Plaintiff, which were the subject of a number of court proceedings. Plaintiff evidently believes that these proceedings were conducted in violation of his constitutional and other federal rights.[1] Plaintiff names as defendants Leal, a state agency and a number of state employees, all of whom Plaintiff believes caused these violations of law. The SAC, however, provides even less of a factual basis for these claims and is less comprehensible than either the initial or the first amended complaint.

## II. Analysis

### A. Motions to dismiss

In reviewing a motion to dismiss, the court must accept as true "well-pleaded facts and reasonable inferences drawn from those facts. Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymyple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quotations omitted). "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts." *Sarver v. Jackson*, 344 Fed.Appx. 526, 527 n.2 (11th Cir. 2009) (quotations omitted).

---

[1] It appears that Plaintiff has abandoned any state law claims that he may have attempted to assert in his earlier complaints. To the extent the SAC could be read as attempting to state a claim for common law fraud, it fails to satisfy the requirement of Federal Rule of Civil Procedure 9(b), that the claim must "state with particularity the circumstances constituting fraud."

A plaintiff must allege enough facts to state a claim for relief that is plausible on its face and sufficient to raise the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). To do so, a plaintiff must do more than provide labels and conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Complaints by *pro se* plaintiffs, such as Plaintiff here, are read more liberally than those drafted by attorneys. *Osahar v. United States Post Office*, 297 Fed.Appx 863, 864 (11th Cir. 2008). However, a *pro se* litigant is not relieved of his obligation to allege sufficient facts to support a cognizable legal claim and the court may not rewrite a deficient pleading. *Id.* Proceedings filed *in forma pauperis* are further governed by 28 U.S.C. § 1915 (e)(2), which authorizes the court to "dismiss the case at any time" if the court determines that an action is frivolous or fails to state a claim. With these guidelines in mind, I consider the sufficiency of the SAC.

### 1. The SAC violates Rule 8

Federal Rule of Civil Procedure 8 provides that a plaintiff must allege "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Far from meeting this requirement, the SAC is a "quintessential shotgun pleading replete with factual allegations and rambling legal conclusions" that fails to coherently allege the factual basis for Plaintiff's claims. *Osahar*, 297 Fed.Appx at 864.

Examples of Plaintiff's rambling and incomprehensible allegations include:

> 21. A case which was based perjury and fraud is VOID AB INITIO and a deception of the court to gain an unfair advantage to seek out to cause irreparable harm intentional infliction of emotional distress and psychological harm of RICARDO R. RIVERO the misconduct is outrageous and the distress extreme.
>
> AFFIRMATIVE DEFENSES OF THEIR UNCLEAN HANDS
>
> § 133 Failure to Act Honestly and in Good Faith
>
> 22. DAVID TAYLOR, SHEILA LEAL, BARBARA INGRAM, KAREN ALLISON HOWE, DIANA L. MORELAND, JIM ZINGALE SUSAN SWARTZ, DOROTHY ELLEN HAUGE, and REBECCA HUNT seeking equitable relief must not come into court with UNCLEAN HANDS an ancient maxim of law that needs no recitation. Defendants may not assist a SHEILA LEAL in conduct that he or she knows to be illegal or fraudulent."
>
> ***
>
> 138. When DEFENDANTS DAVID TAYLOR, BARBARA INGRAM, KAREN ALLISON HOWE, DIANA L. MORELAND, JIM ZINGALE SUSAN SWARTZ, DOROTHY ELLEN HAUGE, and REBECCA HUNT acts as a trespasser of the law or when he does not follow the law, he loses subject matter jurisdiction and all of his orders are void or have no recognizable legal force or effect.
>
> ***
>
> 181. RICARDO RIVERO's suffrage is based on 'Invidious Discrimination' which leads him to remain in Involuntary Servitude. If the DEFENDANTS prejudiced the Trier of Fact in this case with unsubstantiated speculation & innuendo.

[DE 101, ¶¶ 21, 22, 138, 181].

Adding to the confusion, Plaintiff makes allegations against undifferentiated groups of defendants. [*See, e.g*, DE 101, ¶ 182, 183]. He also makes allegations against persons who he identifies as "defendants," but who are not named Defendants and have not been served with process. [*See, e.g*, DE 101, ¶ 182, 183, 185]. Plaintiff further attempts to set forth portions of state court hearings, sometimes verbatim. [*See e.g* DE 101, ¶¶ 16, 62-73]. The SAC also contains numerous paragraphs reciting purported legal arguments and citations. [*See e.g.* DE 101, ¶¶ 119, 139, 166, 169, 177, 197-208].

These failures make it impossible for Defendants to formulate a meaningful answer to Plaintiff's claims, and they completely defeat the purpose of Rule 8(a)'s requirement of a "short and plain statement of the claim." *See Abdul-Alim v. State of New York*, No. 87-3421 (GEB), 1988 WL 68912, at *3 (D. N.J. June 30, 1988) (*pro se* complaint containing 138 numbered paragraphs replete with frivolous and speculative allegations that have no logical sequence "make[s] it virtually impossible to segregate claims for relief against individual defendants, which the parties are entitled to under Rule 8(a).").

### 2. Plaintiff fails to state a claim against any Defendant

Faced with the confusing and prolix allegations of the SAC, Defendants make an admirable effort to discern the claims brought against them and respond to those claims in their respective motions to dismiss. [DE 109-115]. I now address these arguments for dismissal of the SAC.

6

### a. Plaintiff fails to state a claim for violations of 42 U.S.C. § 1983 or conspiracy to violate § 1983

To the extent Plaintiff attempts to state a claim for violations of § 1983 or conspiracy to violate § 1983, he has failed to do so. To state a claim under § 1983, Plaintiff must allege that "(1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).[2] As for Defendants the State of Florida Department of Revenue, Barbara Ingram, Karen Allison Howe, Susan Swartz, Diana L. Moreland, and Jim Zingale, Plaintiff does not describe any specific actions on their parts that arguably resulted in a deprivation of his rights under the Constitution and federal law and, thus, he fails to a claim under § 1983. As for Defendant Leal, his former wife, Plaintiff does not plausibly allege that she acted under color of state law; therefore he also fails to state a § 1983 claim against her.

Regarding Defendant Taylor, Plaintiff alleges in a conclusory way that Taylor: (1) conspired to have him wrongfully accused of failing to pay child support and (2) then had him wrongfully arrested for child support arrearage. [DE 101, ¶¶ 52, 54, 160, 165]. Because Plaintiff fails to state with the required specificity, any facts showing that Defendant Taylor was responsible for Plaintiff's re-arrest, Plaintiff does not state claim against Taylor under

---

[2] Defendants argue that the Court must apply a heightened pleading standard to claims under § 1983. [DE 109-114]. On June 30, 2010, the Eleventh Circuit held that the cases applying a heightened standard to § 1983 complaint were effectively overruled by the Supreme Court in *Iqbal*. *Randall v. Scott*, No. 09-12862, 2010 WL 2595585, at *6-8 (11th Cir. June 30, 2010). Therefore, this Court does not apply a heightened pleading standard.

§ 1983. Similarly, any claim for conspiracy under to violate § 1983 must fail because Plaintiff has not alleged that Taylor was "motivated by racial or class-based invidiously discriminatory animus." *Chen v. Lester*, 364 Fed. Appx. 531, 536 (11th Cir. Feb. 1, 2010) (citations and quotations marks omitted).

To the extent Plaintiff attempts to allege a § 1983 action based on fraud on the Florida state court, that Plaintiff contends resulted in a judgment that is void, [*See* DE 101, p. 4-5], his challenge to the outcome of that state court action is barred by the *Rooker-Feldman* doctrine, which holds that "federal district courts do not have jurisdiction to act as appellate courts and[,] precludes them from reviewing final state court decisions." *Green v. Jefferson County Com'n*, 563 F.3d 1243, 1249 (11th Cir. 2009). The appropriate avenue to challenge alleged fraud on the state courts would have been through the State appellate process.

Finally, any claim under § 1983 against the Florida Department of Revenue, and any defendant acting in his or her official capacity (Ingram, Howe, Moreland, Swartz and Zingale[3]), is barred by the Eleventh Amendment. *Will v. Michigan State Dept. of Police*, 491 U.S. 58, 65 (1989) (plaintiff cannot bring a § 1983 claim against a state or a governmental agency which is considered an arm of the state); *Sarver*, 344 Fed.Appx. at 527-28 ("A state official, when sued in his official capacity for damages, is not a person within the meaning of § 1983.").

---

[3] It is not clear if Plaintiff is suing Taylor both individually and in his official capacity.

### b. Plaintiff fails to state a claim under the ADA

To state a claim under the ADA, Plaintiff must "show a disability, the denial of a public benefit, and that such denial of benefits, or discrimination was by reason of the plaintiff's disability." *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir. 1996) (citation and quotation marks omitted). The ADA does not authorize suits against individual defendants, but rather "public entities." *Rylee v. Chapman*, 316 Fed.Appx. 901, 905 (11th Cir. 2009). Thus, Plaintiff can not state an ADA claim against any of the individual Defendants; the only possible Defendant who might be sued under the ADA is the Florida Department of Revenue.

Plaintiff alleges that he is dyslexic and reads at a third grade level. [DE 101, ¶ 142]. He asserts that Defendants, as an undifferentiated group, violated his rights under the ADA by refusing to allow an unnamed friend to read an unidentified paper, on his behalf, in an unidentified court hearing and that this refusal resulted in denial of his substantive and procedural due process rights. [*Id.* at ¶¶ 142-145]. Thus, Plaintiff fails to allege: (1) when and where the hearing took place; (2) any action that the Department of Revenue took at the hearing to deprive him of a public benefit; or (3) that the Department of Revenue's conduct in fact denied him that public benefit. Not having described the content of the paper he wanted read, Plaintiff has failed to plausibly allege that his inability to have it read impeded his ability to present his arguments at the hearing.

### c. Plaintiff fails to state a claim under the Freedom of Information Act or the Florida Public Records Act

Plaintiff alleges that he made a request to the Florida Attorney General's Office under the Freedom of Information Act (FOIA) and the Florida Public Records Act for "the employment application, the entire personnel records, and the complete Employment file of Attorney" Taylor. [DE 101, ¶¶ 146, 147]. Plaintiff further alleges that Paula Marie Marmion, who he refers to as a defendant (although she has not been named as a Defendant or served) stonewalled his request. [*Id.* at ¶¶ 148-49 ].

As several Defendants point out, the Freedom of Information Act exempts state agencies, such as the Florida Attorney General's Office, from its requirements; thus that claim must be dismissed. *Blankenship v. Claus*, 149 Fed.Appx. 897, 898 (11th Cir. 2005). As for the Florida Public Records Act, that claim must also be dismissed because Plaintiff has not alleged that any of the Defendants actually sued in this action engaged in any actions in violation of that Act.[4] *See Fritz v. Norflor Construction Co.*, 386 So.2d 899, 901 (Fla. 5th DCA 1980) (plaintiff must join entity from which the records are sought as a defendant in the action to compel production of public records).

### d. Plaintiff fails to state an Equal Protection claim

While Plaintiff asserts, in a conclusory manner, that "[h]is rights were, at all times material hereto, also violated under and pursuant to the Fourteenth Amendment, 'Equal

---

[4] The Court also notes that at least some of the information Plaintiff sought under the Florida Public Records Act appears to be exempt personal information. *See* Fla. Stat. § 119.071 (4)(d)1.a.

Protection of the Law,'" [DE 101, ¶ 2], he does not specifically identify the acts he contends violated his Fourteenth Amendment rights. Reading the SAC liberally, it appears that Plaintiff is asserting the same factual basis for his Equal Protection claims as underlies his § 1983 claim and his ADA claim. Discrimination claims brought pursuant to the equal protection clause, the ADA and § 1983 have the same elements and requirements of proof. *Enwonwu v. The Fulton-Dekalb Hosp. Auth.*, 286 Fed.Appx. 586, 600 (11th Cir. 2008). Thus, for the same reasons that Plaintiff's ADA and § 1983 claims fail, Plaintiff fails to state a claim under the Fourteenth Amendment.

### e. Plaintiff fails to state a federal or Florida RICO claim

Although Plaintiff cites to federal and Florida RICO statutes in the introduction to the SAC, he does not purport to allege the elements of a RICO claim. [DE 101, ¶ 2]. To state a claim under the federal RICO statute, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Austin v. Global Connection*, 303 Fed.Appx. 750, 752 (11th Cir. 2008).[5] To establish a pattern, a plaintiff must allege that "the predicate acts have, in part, a similar purpose, result, or victim, and that they occurred over a substantial period of time." *Id.* at 753. These allegations must be made with specificity and cannot lump together of all the defendants. *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1380-81 (11th Cir. 1997).

Plaintiff's allegations fall far short of this standard. Plaintiff fails to: (1) identify any

---

[5] Florida looks to federal authority in construing the Florida RICO statute. *Bortell v. White Mountains Ins. Group, Ltd.*, 2 So.3d 1041, 1047 (Fla. 4th DCA 2009).

11

predicate acts; (2) define the alleged enterprise; and (3) allege any pattern of racketeering activity, much less provide a specific factual basis for his claim.[6]

### 3. The SAC should be dismissed with prejudice.

Courts should show leniency to *pro se* plaintiffs in construing their pleadings, "[y]et even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invest., Inc. v. Count of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruling on other grounds recognized*, *Randall v. Scott*, No. 09-12862, 2010 WL 2595585 (11th Cir. June 30, 2010). Plaintiff has had three opportunities to file a complaint that meets the requirements of Rules 8 and 10, and that states viable claims under the standards articulated in *Twombly* and *Iqbal*, and he has been warned by the Court of the consequences of failing to do so. Plaintiff's allegations in the SAC fall far short of what is required to survive a motion to dismiss. Given Plaintiff's demonstrated inability to comply with the governing Rules, and his repeated failure state any claim upon which relief could be granted, it would be futile to allow Plaintiff to amend his complaint once again. Thus, I recommend that the Second Amended Complaint be dismissed with prejudice for failure to comply with Federal Rule of Civil Procedure 8(a), and for failure to state claim.

---

[6] Defendants Taylor, Ingram, Howe, Moreland, Swartz and Zingale also move to dismiss the SAC based on the basis of prosecutorial, judicial immunity or qualified immunity. Since Plaintiff has failed to state a claim against any of Defendants, I need not reach these defenses.

B.  Motions to stay

All Defendants have moved to stay discovery pending resolution of the motions to dismiss, and they argue they should not have to incur the expense of discovery while those motions are pending. [DE 151, 158]. Federal Rule of Civil Procedure 26(c)(1) authorizes me to stay discovery upon a showing of good cause. A stay of discovery may be appropriate where, as here, the resolution of the motions will dispose of the entire case. *Glynn v. Basil Street Partners, LLC*, No. 2:09-cv-585-FtM-99SPC, 2010 WL 2508605, * 1 (M.D. Fla. June 16, 2010).

In determining whether the party seeking a stay has shown good cause, I must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* Based on my recommendation that this action be dismissed with prejudice, I find that Defendants have presented good cause to stay discovery pending Judge Gold's final resolution of the motions to dismiss.

### III.  Recommendation

Based on the foregoing, I RECOMMEND that:

1.  The Court **GRANT** the Motions to Dismiss filed by Defendants David George Taylor [DE 113], the Honorable Diana L. Moreland [DE 111], The State of Florida Department of Revenue [DE 109], Jim Zingale [DE 110], Karen Allison Howe [DE 114], the Honorable Barbara Ingram and the Honorable Susan Swartz [DE 112], and Sheila Leal [DE

115] and dismiss the complaint with prejudice.

2.	The Court **DENY** Plaintiff's Motions to Strike the motions to dismiss. [DE 125, 132, 135, 142, 143, 145, 162].

3.	The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within **fourteen days** of the date of this Report and Recommendation. It is the objecting party's responsibility to ensure that any objections are docketed with the Court by this deadline. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

## IV. Order

Based on the foregoing, I ORDER that:

1.	The State Defendants' Motion to Stay Discovery [DE 151] and Defendant, Sheila Leal's Motion to Stay Discovery [DE 158] are **GRANTED**. All discovery in this action is stayed until further notice from the Court.

2.	Plaintiff's Motions to Compel [DE 149, 150, 160] are **DENIED AS MOOT**.

RESPECTFULLY RECOMMENDED and ORDERED in chambers in Miami, Florida this 2nd day of August, 2010.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Alan S. Gold
Counsel of record

Ricardo R. Rivero
32124 S.W. 200 Court
Homestead, FL 33030