UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20852-CIV-GOLD/MCALILEY

RICARDO R. RIVERO,

    Plaintiff,

vs.

DAVID GEORGE TAYLOR, et al.,

    Defendants.
_____/

**ORDER ADOPTING AND AFFIRMING REPORT AND RECOMMENDATIONS
[ECF NO. 175]; OVERRULING OBJECTIONS [ECF NO. 179]; [ECF NO. 183];
DISMISSING SECOND AMENDED COMPLAINT [ECF NO. 101]; CLOSING CASE**

THIS CAUSE is before the Court upon Magistrate Judge McAliley's Report and Recommendations **[ECF No. 175]** ("the Report") regarding various Motions to Dismiss directed at Plaintiff's Second Amended Complaint. In the Report, Judge McAliley recommends that Plaintiff's Second Amended Complaint be dismissed because: (a) it fails to state a claim upon which relief can be granted; and (b) it is a "quintissential shotgun pleading replete with factual allegations and rambling legal conclusions that fails to coherently the factual basis for Plaintiff's claims." **[ECF No. 175, pp. 4-15]** (citation and internal quotation marks omitted). Judge McAliley further recommends that the dismissal be *with prejudice* because Plaintiff has filed yet another legally deficient pleading despite having "had three opportunities to file a complaint that meets the requirements of Rules 8 and 10, and that states viable claims . . . ." **[ECF No. 175, p. 12]**. On August 11, 2010, Plaintiff filed a "Motion to Quash and Dismiss" the Report, **[ECF No. 179]**, and on August 17, 2010, Plaintiff filed "Amended Objections" to the Report. **[ECF No. 183]**. Although I

1

liberally construe these two submissions as Plaintiff's objections to Judge McAliley's Report, neither of them provide any coherent basis for disregarding the Magistrate's recommendations. In fact, these two submissions consist of little more than disorganized, illogical, and rambling legal quotations and conclusions that have no bearing whatsoever on the substance of the Report.

Having considered Judge McAliley's thorough and well-reasoned Report, Plaintiff's objections, and the applicable law, I agree with Magistrate Judge McAliley that Plaintiff's 52-page Second Amended Complaint violates Rule 8(a)(2) and fails to state a claim upon which relief can be granted. I also agree that the dismissal of Plaintiff's Second Amended Complaint should be with prejudice given that: (a) Plaintiff was afforded several opportunities to amend; and (b) Plaintiff was expressly cautioned that failure to file a "clearer and more concise" complaint in accordance with Rules 8 and 10 would result in dismissal. **[ECF No. 96, pp. 2-3]**; *Osahar v. United States Postal Svc.*, 297 Fed. Appx. 863, 864 (11th Cir. 2008) (affirming dismissal with prejudice of "rambling" 62-page *pro se* complaint where plaintiff was given several opportunities to amend but failed to file a pleading that complied with Rule 8(a)(2)).

Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Plaintiff's objections **[ECF No. 179]**; **[ECF No. 183]** are OVERRULED.

2. The Magistrate's Report **[ECF No. 175]** is hereby ADOPTED AND AFFIRMED and the Motions to Dismiss addressed therein **[ECF No. 109]**; **[ECF No. 110]**; **[ECF No. 111]**; **[ECF No. 112]**; **[ECF No. 113]**; **[ECF No. 114]**; **[ECF No. 115]** are hereby

GRANTED IN PART.

3. Plaintiff's Second Amended Complaint **[ECF No. 101]** is DISMISSED WITH PREJUDICE.

4. All pending motions are DENIED AS MOOT.

5. All upcoming hearings are CANCELLED.

6. THIS CASE IS CLOSED.

DONE AND ORDERED in chambers at Miami, Florida, this 24 day of August, 2010.

_____
THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Chris McAliley
Counsel of record

Ricardo Rivero, pro se
32124 SW 200 CT
Homestead, FL 33030